```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MATTHEW G. MCBRIDE              *        CIVIL ACTION

VERSUS                          *        NO: 06-4082

UNITED STATES DEPARTMENT OF     *        SECTION: "D"(3)
THE ARMY, NEW ORLEANS
DISTRICT, CORPS OF ENGINEERS
```

## ORDER AND REASONS

Before the court is the **"Motion for Summary Judgment"** filed by Plaintiff, Matthew G. McBride. Defendant, the United States Department of the Army, New Orleans District, Corps of Engineers, filed a memorandum in opposition. The motion, set for hearing on Wednesday, March 28, 2007, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules.

## I.  Background

In this matter, Plaintiff claims that under the Freedom of Information Act (FOIA), 5 U.S.C. §552 *et seq.*, he is entitled to an injunctive order compelling the Army Corps of Engineers to provide him with the information he has requested. Plaintiff attests that:

   (2) [he is] a mechanical engineer living in the

       Broadmoor neighborhood of New Orleans.

(3) After the flooding on August 29-30, [he] joined my local neighborhood association, the Broadmoor Improvement Association, and volunteered to investigate flood mitigation and flood control issues.

(4) ... In an effort to preserve [his] neighborhood and refute the assertion that the government should convert Broadmoor into green space [he] began a detailed investigation of the post Katrina drainage system as it impacts Broadmoor.

(5) The majority of the information necessary to perform this investigation is in the possession of the Army Corps of Engineers.

(6) Under rights granted to me under the Freedom of Information Act (FOIA), [he] requested the documents shown in Attachment A [consisting of 8 requests] from the New Orleans District of the U.S. Corps of Engineers ("the Corps"). The dates of each request are also shown in Attachment A. [The dates for Plaintiff's 8 requests are: April 28, 2006 (Request #1); May 1, 2006 (Request #2); May 1, 2006 (Request #3); May 3, 2006 (Request #4); June 11, 2006 (Request #5); August 11, 2006 (Request #6); August 11, 2006 (Request #7); and September 12, 2006 (Request #8).]

(7) On May 9, 2006, [he] received a response ... from Fedrick (*sic*) Wallace, the New Orleans Corps FOIA Coordinator.  (See Exhibit "3")[Doc. No. 10-5]. [In this response, Wallace referenced Plaintiff's Requests #1-#4, but he has enclosed documents only to purportedly satisfy Plaintiff's Request # 4. He also refers Plaintiff to a website where some of the other requested documents in Request #1-#3 may be posted].

. . .

(8) This is the only communication [he has] received from the Corps FOIA Coordinator as a result of my

2

>       FOIA requests.  [He] never received substantive
>       responses to requests nos. 1 through 3 and nos. 5
>       through 8 from the FOIA coordinator.

(*See* Doc. No. 10-6, McBride Affidavit and Attachment A, attached to Plaintiff's Motion for Summary Judgment)

Plaintiff filed his Motion for Summary Judgment on **March 1, 2007**.  In opposition to Plaintiff's motion, the Government attaches the Declaration of Frederick W. Wallace, the Freedom of Information Coordinator for the united States Army Corps of Engineers, New Orleans District, who attests that "[o]n **March 7, 2007**, the U.S. Army Corps of Engineers responded by letter to plaintiff's FOIA requests at issue in this lawsuit." (*See* Wallace Declaration, Doc. No. 13-3, ¶ 36 & Attachment 11, March 7, 2007 letter to Plaintiff from the New Orleans Corps of Engineers).  Thus, the Government argues that "Plaintiff's FOIA action is moot now that the defendant has responded to his requests."  (Gov.'s Opp. at p. 8).

### I.  Legal Analysis

**A.  Plaintiff's request for injunctive relief under the FOIA is moot.**

Under pertinent provisions of the Freedom of Information Act, 5 U.S.C. §552(a):

>   (4)(B)    On complaint, the district court of the United
>             States in the district in which the
>             complainant resides, or has as his principal
>             place of business,, or in which the agency

> records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action. In addition to other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to the technical feasibility under paragraph (2)(C) and subsection (b) and reproducibility under paragraph (3)(B).
>
> . . .
>
> (E)   The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.
>
> . . .
>
> (6)(A)   Each agency, upon request for records made under paragraph (1), (2), or (3) of this subsection, shall-
>
> > (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such information and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; ...

    (B)(ii)    In unusual circumstances as specified in this subparagraph, the time limits prescribed in ... clause (i) ... of subparagraph (A) may be extended by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched...

    (C)(i)    Any person making a request to an agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph...

5 U.S.C. §552.

In this matter, the Government concedes that "[t]he defednat was not able to process all of the plaintiff's FOIA request (*sic*) within the statutory period. Several factors attributed to the defendant's inability to respond to plaintiff's FOIA requests." (Gov.'s Opp. at p. 6). The Government also apparently concedes that because the Corps failed to respond to the Plaintiff's request for documents within the applicable time limit, the Plaintiff is deemed to have exhausted his administrative remedies on the timeliness issue. However, the Government maintains that Plaintiff's FOIA action is now moot because defendant has responded to his requests. The Government also submits that "[t]he issue of the adequacy of the defendant's response is not now before the Court. Plaintiff has not challenged the adequacy of the

defendant's response and has not administratively contested any challenges he may have to defendant's response." (*Id*. at p. 10).

The court agrees that Plaintiff's request for an injunctive order from this court compelling the Corps to provide Plaintiff with the documents he requested is now moot, because the Corps has now (albeit untimely) provided Plaintiff "with those documents that are not exempt from disclosure and by directing plaintiff to its website where he may obtain access to responsive records." (Gov.'s Opp. at 10). *See Voinche v. Federal Bureau of Investigation*, 999 F.2d 962 (5th Cir. 1993).

**B.   Plaintiff is ineligible for attorney's fees under the facts and circumstances of this case.**

The FOIA permits a court to award reasonable attorney fees to a plaintiff who has "substantially prevailed" in a FOIA action. 5 U.S.C. §552(a)(4)(E).[1] In *Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Supreme Court interpreted the term "prevailing party" in the fee-shifting provisions of the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*, and

---

[1] As previously quoted, 5 U.S.C. 552(a)(4)(E) provides:

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

the Americans With Disabilities Act of 1990, 42 U.S.C. ¶¶ 12101 *et seq.* The *Buckhannon* Court rejected the catalyst theory under which several circuit courts had held that "a plaintiff is a 'prevailing party' if it achieves the desires result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon,* 532 U.S. at 601-01, 121 S.Ct. 1835. Instead, the Court held that a plaintiff is a prevailing party only if it has "received a judgment on the merits" or secured a settlement agreement enforced by a consent decree. *Id*. at 605, 121 S.Ct. 1835. Thus, a defendant's "voluntary change in conduct, although perhaps accomplishing what the plaintiffs sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* (italics in original).

In *Oil, Chemical & Atomic Workers International Union (OCAW) v. Dept. of Energy*, 288 F.3d 452 (D.C.Cir. 2002), the D.C. Circuit court first considered whether the *Buckhannon* holding applies to the FOIA fee provision. The *OCAW* court first found that the "substantially prevail" language in the FOIA is the functional equivalent of the "prevailing party" language found in the statutes *Buckhannon* interpreted. Then the *OCAW* court applied the *Buckhannon* interpretation of "prevailing party" to the FOIA's attorney fee provision, holding that "in order for plaintiffs in FOIA actions to become eligible for an award of attorney fees, they must have 'been

7

awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree." *OCAW*, 288 F.3d at 455-57, *quoting Buckhannon*, 532 U.S. at 603, 121 S.Ct. 1835.

In *OCAW*, the OCAW sued the United States Department of Energy to obtain documents it alleged were improperly withheld under the FOIA. 288 F.3d at 453. The district court ordered the agency to "complete its record review in 60 days." *Id*. at 458. After completing the search, the agency provided the plaintiff with the responsive documents and the parties agreed to dismiss the suit. Id. at 453. The plaintiff then sought attorney fees, arguing it has "substantially prevailed." *Id.* at 453-54. The D.C. Circuit held that the order requiring the agency to search the records did not constitute court-ordered relief on the merits, and the court highlighted the order's interim nature, which was procedural (i.e., conduct a search) as opposed to substantive (i.e., produce documents). *Id*. at 458-59. Thus, the plaintiff had not substantially prevailed and was ineligible for attorney's fees.

The D.C. Circuit also considered the meaning of the FOIA's "substantially prevailed" language in *Edmonds v. FBI*, 417 F.3d 1319 (D.C.Cir. 2005). In that case, the plaintiff had sued the FBI seeking expedited processing of her FOIA request as well as documents. *Id*. at 1320-21. The plaintiff sought and obtained partial summary judgment on her expedited processing claim. The

8

district court ordered the "FBI "to complete the expedited processing ... *and* provide plaintiff with all documents as to which no exemption is being claimed" by a certain date. I*d*. at 1321 (emphasis added). After complying with the order, the FBI sought summary judgment, which motion the district court granted. *Id*. Thereafter, the plaintiff sought attorney fees and the district court denied her motion. *Id*. the D.C. Circuit reversed, holding that plaintiff had "substantially prevailed" and thus was eligible for attorney's fees. The court distinguished *OCAW* on the ground that the *Edmonds* plaintiff had obtained a court-order on the precise relief she sought-expedited processing *and* the production of responsive documents. *Id*. at 1323. *See also Davy v. CIA*, 456 F.3d 162 (D.C. Cir. 2006)(plaintiff "substantially prevailed" in FOIA action for purpose of eligibility for attorney fee award by securing an enforceable court order memorializing parties' stipulation regarding production of documents).

Here, plaintiff has received documents he requested from the Corps after filing suit and a motion for summary judgment. But the Corps produced the requested documents without any order from this court. Thus, while the Plaintiff may have "achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct," *Buckhannon,* 532 U.S. at 601-01, 121 S.Ct. 1835, the Corps' "voluntary change in conduct, although perhaps

9

accomplishing what the plaintiff[] sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id*. at 605, 121 S.Ct. 1835  (italics in original).  Thus, because plaintiff has not "substantially prevailed" within the meaning of the FOIA attorney fee provision and the D.C. Circuit jurisprudence interpreting same, he is ineligible for attorney fees.[2]

### III.  Conclusion

For reasons set forth above,

**IT IS ORDERED** that Plaintiff's **"Motion for Summary Judgment"** be and is hereby **DENIED**, because Plaintiff's request for injunctive relief under the FOIA is moot, and Plaintiff is ineligible to attorney's fees under the FOIA.

**IT IS FURTHER ORDERED** that this matter be and is hereby **DISMISSED**.   New Orleans, Louisiana, this **30th** day of **March**, **2007.**

A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[2]   A FOIA plaintiff who "substantially prevail[s]" becomes *eligible* for attorney's fees.  But whether the plaintiff is actually *entitled* to a fee award is a separate inquiry that requires the court to consider four factors: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding.  *Edmonds*, 417 F.3d at 1327; *Davy*, 456 F.3d at 166; *State of Texas v. Interstate Commerce Commission*, 935 F.2d 728, 730 (5th Cir. 1991).

Here, the court does not address the second step because the court has found that plaintiff is ineligible for attorney fees.